**In re Shannon Iago CAWTHORN, Debtor.**

**Bankruptcy No. 382–01218.**

United States District Court, M.D. Tennessee.

July 29, 1983.

Sylvia Brown, Asst. U.S. Atty., Nashville, Tenn., for FmHA.

L. Beth Roberts, Nashville, Tenn., for trustee.

Henry E. Hildebrand, III, Nashville, Tenn., trustee.

Roy DeSha, Jr., Nashville, Tenn., for debtors.

JOHN T. NIXON, District Judge.

This court hereby ORDERS, ADJUDGES and DECREES that the Report of the Standing Master is approved.

## REPORT AND NOTICE

GEORGE C. PAINE, II, Bankruptcy Judge.

Pursuant to Administrative Order No. 28–4(3), the Standing Master submits this Order previously entered by the United States Bankruptcy Court for the Middle District of Tennessee on February 11, 1983, as a report of the Standing Master in this case. Furthermore, all parties in interest are given notice pursuant to Federal Rule of Civil Procedure 53(e)(2) that they have ten days within which to file objections to this Report in the Bankruptcy Court Clerk's Office designated as the Clerk's Office for the United States District Court for the Middle District of Tennessee pursuant to Administrative Order No. 28–3.

Entered this 5th day of July, 1983.

## MEMORANDUM

This matter is before the court on Farmers Home Administration's (hereinafter "FmHA") motion to reconsider this court's order of October 1, 1982, which required FmHA to immediately release and terminate an assignment of future milk proceeds from the debtor and confirmed the debtor's Chapter 13 plan over FmHA's objection. Upon consideration of the evidence presented at the hearing, stipulations, exhibits, briefs of the parties and the entire record, this court concludes that FmHA's motion for reconsideration should be granted in part. The court specifically finds that FmHA possesses a perfected security interest in the milk proceeds assignment and therefore this assignment between FmHA and the debtor should be reinstated. Since this finding might very well affect the viability of the debtor's proposed Chapter 13 plan, the court will set for an expedited hearing the issue of reconsideration of this court's prior order confirming the debtor's plan.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The debtor Shannon Iago Cawthorn filed a Chapter 13 wage earner petition in this court on April 20, 1982. The debtor's proposed Chapter 13 plan was to be funded almost entirely from future income derived from the debtor's dairy farming business. To effectuate this plan, the debtor filed an application on April 20, 1982, requesting this court to terminate his previous assignment of future milk proceeds to FmHA. This assignment provided that, in consideration for a $41,000.00 loan from FmHA, milk proceeds in the amount of approximately $530.00 would be deducted from each of the debtor's future milk checks by Rutherford County Co-Op Creamery, the purchaser of the debtor's milk, and paid to FmHA until FmHA released or suspended this assignment in writing. FmHA subsequently objected to the debtor's application and to the confirmation of the debtor's plan. After a hearing considering these and other matters, the court found that FmHA's security interest was unperfected and therefore ordered that FmHA release and terminate this assignment. The court further ordered that the debtor's plan be confirmed.

The basic thrusts of FmHA's motion to reconsider the court's order releasing and terminating the milk assignment are that (1) such an assignment is an irrevocable transfer under Tennessee law and therefore cannot be considered property of the debtor's estate or (2) the assignment is a security interest which was properly perfected under Tennessee law by FmHA. This court has previously rejected FmHA's first contention. As the court explained in the case of *In re Liles and Raymond*, 24 B.R. 627, 629 (Bkrtcy.M.D.Tenn.1982):

> "Under Tennessee law, the assignment of the debtor-in-possession's right to future milk proceeds to FmHA created a security interest on behalf of FmHA. The Tennessee Uniform Commercial Code [§ 47–9–106] characterizes the debtor-in-possession's right to future milk proceeds as contract rights. Section 47–1–201 of the Tennessee Uniform Commercial Code specifically defines the term 'security interest' to include any interest of a *buyer of* accounts, chattel paper or *contract rights.* Section 47–9–102 further states that the interest of any buyer of contract rights comes within the purview of Chapter 9 of the Tennessee Uniform Commercial Code, which governs the creation and perfection of secured transactions. The comments to § 47–9–102 emphasize that Chapter 9 includes all sales of contract rights *whether intended for security or not* unless excluded by § 47–9–104(f). By definition, therefore, an outright purchaser of contract rights has a security interest in the contract rights which he obtains." (footnotes and citations omitted).

■ This court is convinced that the aforementioned analysis is correct. FmHA nonetheless contends that § 47–9–104(f) excludes this assignment from being a security interest under Chapter 9 since the assignment is "for the purpose of collection only."[1] This court rejected this same argument in *Liles and Raymond,* 24 B.R. at 629 n. 3, and remains unpersuaded in this case. The phrase "for the purpose of collection only" must necessarily apply only to assignments of a non-commercial nature, such as the assignment of a debt to a collection agency for the sole purpose of obtaining collection of the debt. To hold otherwise would permit the exception to engulf the rule and directly contravene the express policy of the Code to include transfers of contract rights under Chapter 9 as security interests. *See* Comment 6 to Tenn.Code

---

1. Tenn.Code Ann. § 47–9–104(f) provides:
    "*Transactions excluded from chapter.* —This chapter does not apply:

    .    .    .    .    .

    (f) to a sale of accounts, contract rights or chattel paper as part of a sale of the business out of which they arose, or an assignment of accounts, contract rights or chattel paper which is for the purpose of collection only, or a transfer of a contract right to an assignee who is also to do the performance under the contract; or ..."

Ann. § 47–9–104. *See also York v. Ottusch,* 19 U.C.C.Rep.Serv. 931, 934–935 (E.D.Wis.1976); *Gold Coast Leasing Co. v. California Carrots, Inc.,* 26 U.C.C.Rep.Serv. 997, 1000–1001 (Cal.Ct.App.1979); *People v. Credit Managers Association,* 23 U.C.C.Rep. Serv. 156, 159–160 (Cal.Ct.App.1977); *Bramble Transportation, Inc. v. Sam Senter Sales, Inc.,* 10 U.C.C.Rep.Serv. 939, 945 (Del. Super.Ct.1971), *aff'd* (Del.1972); *Sherburne Corp. v. Carter,* 340 A.2d 82, 17 U.C.C.Rep. Serv. 523, 526–527 (Vt.1975); *Daly v. Shrimplin,* 610 P.2d 397, 29 U.C.C.Rep.Serv. 237, 242 (Wyo.1980).[2]

■ Having determined that the milk proceeds assignment was indeed a security interest, the court finds that FmHA properly perfected this security interest. The two financing statements filed by FmHA in accordance with Tennessee law specifically provide that they cover all farm products of the debtor, including proceeds of these products. Section 47–9–306(1) expressly defines "proceeds" to include any "account arising when the right to payment is earned under a contract right." Tenn.Code Ann. § 47–9–306(1) (1979). These financing statements were therefore sufficient to encompass the assignment of future milk proceeds from the debtor.

The court will accordingly enter an order reinstating FmHA's milk proceeds assignment. Since this decision might very well affect the continued viability of the debtor's Chapter 13 plan, the court will reserve reconsideration of its prior decision to confirm this plan and shall set a hearing on this issue at 2:00 P.M., February 22, 1983, Room 216, Customs House, 701 Broadway, Nashville, Tennessee, 37203.

IT IS, THEREFORE, SO ORDERED.

Entered this 11th day of February, 1983.

2. Even if Tennessee law defined a milk assignment as an absolute transfer of all the debtor's rights in the future milk proceeds, § 541(a)(6) would still include these proceeds as property of the estate. *In the Matter of Dias,* 24 B.R. 542, 545 (Bkrtcy.D.Idaho 1982). 11 U.S.C.A. § 541(a)(6) (West 1979) provides as follows: "(a) The commencement of a case under . . . section 301, 302, or 303 of this title cre-

ates an estate. Such estate is comprised of all the following property, wherever located:

(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case."